UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRIP CAPITAL, INC.,

                                      *Plaintiff,*

-against-

BIG STOCK, INC., and ITALO LIGERO,

                                      *Defendants.*

Civil Action No.:
_____

## COMPLAINT

Plaintiff Drip Capital, Inc. ("plaintiff"), by and through its undersigned counsel, Scarola Zubatov Schaffzin PLLC, for its Complaint against defendants Big Stock, Inc. ("BSI"), and Italo Ligero, alleges as follows:

*The Parties, Jurisdiction and Venue*

2. Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California.

3. Defendant Big Stock, Inc., is a corporation organized under the laws of the State of New Jersey with its principal place of business in the State of York.

4. Defendant Italo Ligero ("Mr. Ligero") is a citizen and resident of the State of New York.

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity between plaintiff, on the one hand, and defendants, on the other hand, and, as alleged herein, the amount in controversy exceeds

$75,000 exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because defendants are residents of the State in which this District is located and §1391(b)(2) because a substantial part of the events and omissions giving rise to the claims in this case occurred in this District.

*Facts — Contractual Liability of Defendant BSI*

7. Plaintiff is in the business of, among other things, lending to small- and medium-sized companies for their working capital needs.

8. On or around, or before, February 26, 2023, BSI entered into a lending agreement titled the Master Revolving Supply Chain Financing agreement (the "Agreement").

9. Plaintiff lent funds under the Agreement to BSI which were due to be repaid prior to the commencement of this action but which remain unpaid as of the date of filing, in a principal amount of $566,086.96, including interest through April 11, 2024.

10. Under the Agreement, plaintiff is also entitled to its costs of collection, including attorneys' fees, which are expressly recoverable and owed under the Agreement in the event of default as has occurred (in amounts not yet known).

11. BSI is in default in its payments to plaintiff under the Agreement and plaintiff is entitled to all relief against BSI as permitted under the Agreement and at law.

*Facts — Piercing the Corporate Veil
and Alter Ego Liability Against Defendant Mr. Ligero*

12. Mr. Ligero is the person in control of defendant BSI and, upon information and belief, its sole owner.

13. Throughout the time of the BSI relationship with plaintiff and including

leading to the formation of the Agreement, and plaintiff lending funds to and on behalf of BSI, Mr. Ligero has operated the business of BSI as his alter ego and with complete control and domination of BSI Imports as described and alleged herein.

14. Mr. Ligero has done so with the purpose, intent and effect of perpetrating an injustice and fraud against others, including plaintiff.

15. In particular, Mr. Ligero has not operated BSI with adherence to the formalities of corporate existence, such as operation through a Board of Directors and duly appointed officers, meetings of shareholders and directors and the like.

16. In addition, despite Mr. Ligero holding out to plaintiff that BSI was a viable going concern with sufficient capital and business resources to engage in the business which it had held itself out to be conducting when securing the loans at issue in this case from plaintiff, Mr. Ligero apparently misrepresented those facts and the condition of BSI. While he represented BSI to be a fully functioning business with a presence and assets and adequate capitalization sufficient to conduct the business without utter failure in the event of the most minor business setbacks, the facts he held out to plaintiff were not true.

17. In fact, upon information and belief, BSI did not have and has not had sufficient capital to conduct the business for which it induced plaintiff, through Mr. Ligero, to lend money.

18. In addition, Mr. Ligero apparently operated the business of BSI as if it were indistinct from him personally and also operated the business without adherence to any of the formalities of the corporate form as described and alleged herein.

19. In that regard, Mr. Ligero dominated the affairs of BSI such that it had no meaningful separate existence from him and existed merely as a conduit for his own business

affairs and his personal instrumentality and alter ego as described and alleged herein.

20. Among other things, Mr. Ligero caused BSI to channel its funds received from its customers to a separate account in the name of BSI, but in the control of Mr. Ligero. The business and its assets were comingled with and intermingled, all with the purpose and effect of leaving BSI without assets to repay plaintiff as described and alleged herein.

21. Mr. Ligero's use and abuse of BSI constitutes the abuse of the corporate form. At bottom, as operated by Mr. Ligero, BSI was a mere instrumentality of Mr. Ligero. Piercing the corporate veil of BSI and holding Mr. Ligero liable as its alter ego is called for where, as here, it is necessary to promote equity and rectify an injustice (as here, for the reasons alleged).

22. In all the circumstances, the absence of a finding of personal liability against Mr. Ligero under the theories of piercing the corporate veil and alter ego liability, would perpetrate and perpetuate a fraud and injustice against plaintiff.

FIRST CAUSE OF ACTION —
AGAINST BOTH DEFENDANTS
(Breach of Contract)

23. Plaintiff repeats and realleges each allegation above as if fully set forth here.

24. By reason of the foregoing, BSI has breached the Agreement and is liable to plaintiff in the amount of $566,086.96 for principal and interest through April 11, 2024, which amount will continue to grow through the accrual of additional interest in accordance with the Agreement and at law, as well as collection costs as provided for in the Agreement, all to be determined in a specific amount at trial.

25. By reason of the foregoing, defendant Mr. Ligero is liable to plaintiff for the entirety of the amount of BSI's liability to plaintiff based upon piercing the corporate veil

principles and under the principles of alter ego liability.

WHEREFORE, plaintiff demands Judgment in its favor and against defendants, jointly and severally:

on the First Cause of Action against defendants for of $566,086.96 for principal and interest through April 11, 2024, which amount will continue to grow through the accrual of additional interest in accordance with the Agreement and at law, plus plaintiff's costs of collection in accordance with the parties' Agreement and at law, all to be determined in a specific amount by the Court;

together with granting such other and further relief for plaintiff and against each of defendants as the Court deems just and proper.

Dated:  April 11, 2024

                SCAROLA ZUBATOV SCHAFFZIN PLLC


                By_____/s/ Richard J.J. Scarola_____
                      Richard J.J. Scarola
                *Attorneys for Plaintiff Drip Capital, Inc.*
                620 Fifth Avenue
                2nd Floor
                New York, NY  10020
                Tel.: (212) 757-0007